(No. 28960.—

GEORGE E. MURPHY, Appellant, *vs.* ADA P. MURPHY *et al.,*
Appellees.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

NAT M. KAHN, and CHARLES WALDMAN, both of Chicago, for appellant.

PAUL F. KOENIG, and EDWARD MONSON, both of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed in the circuit court of Cook county a complaint designated a complaint in the nature of a bill of review, seeking to set aside a decree for divorce against him theretofore entered in that court, and to have returned to him certain interest in real estate there involved. The

circuit court, on a motion of one of the codefendants, after a like motion of the principal defendant had been denied and she had filed an answer, struck the complaint and dismissed the cause. Appellant brings the record here assigning as error the dismissal of his complaint while the answer of the principal defendant was on file and no hearing had been had on that complaint. He also assigns as error the dismissal of the cause of action on the motion of the codefendant.

His complaint in the nature of a bill of review alleges that the court entered a decree for divorce against him on the complaint of Ada P. Murphy, his wife, and this without notice to him and after his wife had contracted with him to dismiss the proceedings. He alleges that certain property held in his name was, by decree of the court, turned over by deed of the master in chancery to Ada P. Murphy and this without notice to appellant. He alleges the divorce was secured without grounds and without his knowledge; that on May 20, 1941, after the divorce proceedings had been started, Ada P. Murphy gave him a statement in writing stating that of her "own free will and accord I state that the divorce proceedings and especially the alimony should be annulled." This writing was signed by her. He alleges that thereafter and continuously until November 11, 1943, they lived together as man and wife; that on November 11, when appellant returned home from work, he found that his wife had removed all their household furnishings and departed, leaving him not even a blanket to sleep on. It is alleged that on December 6, 1943, he received a letter from her attorney notifying him to vacate the home in which they had lived, in which letter he was informed that the home belonged to his former wife; that he thereupon employed counsel and discovered for the first time that on July 12, 1943, an order of default had been entered against him in the divorce case; that no demand had ever been made upon him to convey

his interest in the real estate to Ada P. Murphy, but an examination of the record revealed that on August 16, 1943, the master in chancery of the circuit court had conveyed to Ada P. Murphy all right, title and interest of appellant in three parcels of real estate.

The complaint further alleges that on December 20, 1943, Ada P. Murphy, by her trust deed, conveyed to the Chicago Title and Trust Company, as trustee, one of the lots to secure payment of five notes of $500 each. The complaint states on information and belief that defendant Daniel Riley McMaster owns and holds one of the notes. He further alleges that the real estate was occupied and used by him and Ada P. Murphy as a homestead until she abandoned it on November 11, 1943, and that he still occupies the premises as a homestead. He charges that Ada P. Murphy and certain of her witnesses were guilty of perjury and alleges that one of her witnesses has since recanted.

To this complaint Ada P. Murphy filed a motion to dismiss, which was overruled, and thereafter she filed her answer to the complaint. Defendant McMaster later filed a motion to dismiss, which motion was identical with that of Ada P. Murphy. Defendant McMaster's motion was allowed and the complaint stricken and the cause was dismissed.

The questions presented here are whether it was error to dismiss the cause of action, when the principal defendant's answer was on file, without a hearing had, and whether it was error to dismiss the action even as to defendant McMaster in that condition of the record. The sufficiency of the complaint as to Ada P. Murphy is not before us. The circuit court held it good and, she having filed her answer thereo, an issue was made up. This being true, it does not become necessary at this stage of the proceeding to determine whether the complaint against appellee McMaster was good, but he having admitted, by his

motion, that he was the owner and holder of one of the mortgage notes, as stated in the complaint, and the complaint having sought return of the real estate involved, McMaster's interest was directly involved and he was a necessary party to the proceeding. For this reason and for the further reason that Ada P. Murphy's answer was on file, it was error to dismiss the complaint on McMaster's motion. The decree of the circuit court of Cook county is reversed and the cause remanded to that court with directions to set aside the order dismissing the cause on McMaster's motion, with leave to him to plead if he be so advised, and for further proceedings under the appellant's complaint and the answers filed or to be filed thereto.

*Reversed and remanded, with directions.*